**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name <u>Elliot                    Horn</u>
    (Last)            (First)               (Initial)

Prisoner Number <u>NA 205045-8</u>

Institutional Address <u>2100 Napa Vallejo Hwy., Napa, CA 94558</u>

===============================================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Elliot Horn and T-18 Patients,            )
(Enter the full name of plaintiff in this action.)   )     Case No. CV 08 2419
                                          )     (To be provided by the clerk of court)
vs.                                       )     SI
                                          )
ED Foulk and T.C. Hulsey;                 )     **COMPLAINT UNDER THE**
                                          )     **CIVIL RIGHTS ACT, 42 U.S.C**
                                          )     **§§ 1983 AND THE ADA.**
                                          )     **(PR)**
                                          )
(Enter the full name of the defendant(s) in this action)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

**I. Exhaustion of Administrative Remedies**

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement <u>Napa State Mental Hospital</u>

B. Is there a grievance procedure in this institution?

YES (x) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES (x) NO ( ) (The procedure is inadequate.)

D. If your answer is YES, list the appeal number and the date and result of the COMPLAINT

1

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

Informal appeal  <u>Advocate did not respond to complaint or report and investigate abuse per mandatory abuse reporting requirements. (See attached sheet.)</u>

2. First formal level <u>The violence and abuse has been perpetuated for more than two years in different parts of the mental hospital and the hospital police, the advocates, and the defendants ignore and virtually allow the violence and this is an emergency.</u>

3. Second formal level <u>The doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma (*Hollon v. Pierce* (1967) 257 Cal.App.2d 468, 476 [64 Cal.Rptr. 808], and we need emergency protective relief.</u>

4 Third formal level <u>The advocate ignores complaints about Patient Dennis Carreon attacking people which violates Napa State Hospital Administrative Directive (AD) #763 (Rights of Individuals Served), page 8, (B) "Abuse and Neglect Allegations" that states "All complaints received that have allegations of abuse must be investigated."</u>

E. Is the last level to which you appealed the highest level of appeal available to you? YES () NO (x) (Before someone gets killed.)

F. If you did not present your claim for review through the grievance procedure, explain why.  <u>Please see attached complaint, notes, and signatures for this.</u>

## II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any. Elliot Horn, 2100 Napa Vallejo Hwy., Napa, CA 94558

B. Write the full name of each defendant, his or her official position <u>Ed Foulk is Executive Director at Napa State (mental) Hospital, 2100 Napa Vallejo Hwy., Napa, CA 94558; and T.C Hulsey is Program 2 Director, and the defendants are acting under color of law.</u>

COMPLAINT

2

### III. Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

The approximately six feet five inch tall and about 350 pound Napa State (mental) Hospital patient named Dennis Carreon has been attacking other patients and staff for about the past two years and terrifying and seriously injuring people. Several complaints were filed about Dennis doing this and the defendants did not do anything to stop the brutality and fear except move Dennis from Ward T-8 to Ward T-7, and then move Dennis to Ward T-18 when he continued attacking people on Ward T-7. Dennis continues to instill fear and he frequently attacks patients on T-18, and the staff promised to give him tobacco if he cools it. This is like paying extortion or protection money and will not be effective. The $180,264.00 in public funds Napa State Hospital received in 2007 alone to [supposedly] provide for each individual confined here, should be enough money to stop the violence and fear.

### IV. Relief

I respectfully request the court to issue the following, but not limited, relief:

1. Certify this as a class action:
2. Issue emergency Injunctive Relief;
3. Grant compensatory damages according to proof;
3. Grant punitive Damages according to proof;
3. Appoint counsel and grant reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
4. Grant costs of suit; and any and all such further relief as the court deems proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___ of ___, ___

x Elliott Hom
(Plaintiff's signature)

Enclosure: Napa State Hospital chart showing cost of care per fiscal year for each individual up to 2007.

COMPLAINT

OFFICE OF PATIENTS' RIGHTS
NAPA STATE HOSPITAL

| Office of Patients' Rights use only |
| --- |
| Date received by O.P.R. |
| Service # |
| Date closed: |

- Formal Complaint Form

Patient Name: Elliott Horn                ID# : NA 205045-8

Commitment Code:  1026        Unit #: T-18        Date: 4/28/08

Describe your complaint below:         * Do you have Attachments? No

### ABUSE AND NEGLECT IGNORED AT NAPA STATE (MENTAL) HOSPTIAL
### "Show Time and Notification of Intent to Sue"

In relevant and pertinent part, Napa State Hospital (NSH) Administrative Directive (AD) #763 (Rights of Individuals Served), page 8, (B) "Abuse and Neglect Allegations" states that "All complaints received that have allegations of abuse must be investigated." The Patients' Rights Advocate, Susan Kessler, is supposed to "immediately" refer the complaint to the appropriate Program Director using the designated form, and in this current particular case the appropriate Program Director is Psychiatric Technician T.C. Hulsey; but NSH does not enforce its own rules and procedures are routinely and contemptuously ignored.

On or shortly after April 6, 2008, many interested parties and I mailed copies of a complaint that the Ward T-18 patient named Dennis Carreon violently attacked me in my sleep on April 6, 2008, while I was wearing my medical device oxygen mask and he viciously beat me. The complaint recited some of the violent attacks Carreon has done to patients and staff, male and female, and requested that Carreon accordingly be charged with violent crimes and transferred to an institution under the jurisdiction of the California Department of Corrections & Rehabilitation (CDCR) pursuant to California Welfare & Institutions Code § 7301, before Carreon permanently physically or mentally disables or kills someone. However, Patients' rights Susan Kessler and Program 2 Director T.C. Hulsey did not even come to talk to the T-18 patients about this, nothing was done, and Carreon struck again as is his perpetual modus operandi.

### Concise History

The Ward T-18 patient named Dennis Carreon violently attacked me in my sleep on April 6, 2008, while I was wearing my medical device oxygen mask and he viciously beat me. On April 28, 2008, during the 3:15 P.M. Court yard (Smoke) break Dennis Carreon walked up behind T-18 patient James Short and began violently hitting him in the head again and again. The staff tried to redirect Carreon at least ten times, but Carreon was oblivious to their directions and kept attacking James Short like a pit bull will not let go of his victim until lifeless. I witnessed this violence from my window, and about four hours after Carreon attacked and beat James Short on April 28, 2008, Carreon violently attacked Ryan Okarstrum (Spelling?).

The Citizens Commission on Human Rights, International[1] was contacted regarding Dennis Carreon and information was provided in the public interest that Dennis Carreon

---

[1] The Citizens Commission on Human Rights (CCHR) International was established in 1969 by the Church of Scientology to investigate and expose psychiatric violations of human rights, and to clean up the field of mental healing. Today, it is estimated that CCHR has more than 250 chapters in over 31 countries. Its board of advisors, called Commissioners, includes doctors, lawyers, educators, artists, business professionals, and civil and human rights representatives. CCHR has inspired and caused many hundreds of reforms by testifying before legislative hearings and conducting public hearings into psychiatric abuse, as well as working with media, law enforcement, and public officials the world over. (See CCHR at www.cchr.org • www.psychdrugsdangers.com • e-mail: humanrights@cchr.org. • www.psychcrime.org • http://www.dodig.osd.mil/INV/DCIS; see also Bill Sargent, Shasta County CCHR at (530) 472-3299 • e-mail-cchr@jett.net • e-mail-sarge@jett.net.)

1

reportedly is borderline mentally retarded (developmentally disabled), he has a long violent history inside and outside of mental institutions and he flares up and he attacks other people, patients and staff, male and female, when he does not get what he wants when he demands it. Dennis Carreon reportedly was committed to Napa State Hospital (NSH) for attempting to kill his own brother in order to rape his own brother's wife.

On May 19, 2007, former Ward T-8 patient Joseph Campanile reported that the former Ward T-8 employee named Myleen was directed by the T-8 male evening shift lead to enter a seclusion room alone with Dennis Carreon and administer psychiatric drugs. Campanile reported he heard Myleen scream and he quickly approached the seclusion room to see what was occurring and observed Dennis Carreon violently attacking and hitting Myleen, and instead of coming to her aide, the male shift lead quickly closed the seclusion room door on Myleen and locked her in the seclusion room alone with violent about 6' x 5," 350 pound Dennis. Campanile reported he heard Myleen scream again and he pleaded with the shift lead to unlock the door so Myleen could get out of the room to safety. Campanile was unconditionally released from custody due to lack of any mental illness, but CCHR retains Campanile's original signed complaint and statement concerning the incident and CCHR retains Campanile's community contact information for legal and other purposes.

CCHR reported that they received a report from clients on Ward T-7 on Tuesday night, November 6, 2007, that Dennis Carreon suddenly violently attacked the psychiatric technician named Raul Detosil and hit Raul Detosil hard in the face, and one client/patient described the sound of Carreon's fist connecting with Raul's face like the sound of something breaking. Raul Detosil immediately fell to the floor obviously unconscious and lay there on the floor in a large pool of blood twitching for at least four or five minutes. It was reported that Raul Detosil sustained serious and disfiguring injuries that required extensive dental work and some facial reconstructive surgery, among other things.

This is just a brief history and only cites a few of the many violent attacks Carreon's committed on other patients and male and female staff; however, according to AD # 437 (Abuse Reporting Requirements), several [Federal] and California laws and regulations require all staff to report known or suspected instances of elder or dependent adult/child abuse. All instances of suspected or alleged physical, sexual or psychological abuse as well as abandonment, isolation, financial abuse, and neglect shall be reported immediately. Physical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering are required to be reported to external agencies. No staff member is supposed to be subject to retribution for reporting known or suspected abuse or they can sue.

Examples of individual to individual or staff to individual behaviors, observed or reported, that NSH staff are mandated to report include, but are not limited to:
* physical assaults
* verbal abuse
* non-consensual sexual behavior between individuals
* any sexual behavior between staff and individuals
* strong arming or intimidation

The California Code of Regulations, Title 9, section 883(b)(5) (Non-Deniable- Non-LPS Patients' Rights), in pertinent part provides all patients the right "to be free from harm including abuse or neglect…" The "Protection From Harm" stipulation on page 65(I), of the consent judgment the U.S. Justice Department obliged on NSH on May 2, 2006, states that "each State Hospital shall provide the individuals it serves with a safe and humane environment and ensure that these individuals are protected from harm." NSH is NOT providing its patients and staff with a safe and humane environment and is in violation of several federal and state laws protecting mental patients and laws protecting public and/or state employees.

2

Please reply to:
Elliott Horn
2100 Napa Vallejo Hwy.
Napa, CA 94558

TO THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

The Undersigned Ward T-18 Patients Confined at Napa State (mental) Hospital Would Like to Institute a Class Action Civil Rights Lawsuit Under Title 42 US.C. Section 1983 and Alleging Violations of the Americans with Disabilities Act Based Upon the Accompanying Patients Rights' Complaint/Affidavit

    Just as inmates confined in prisons after criminal trials have a constitutional right to meaningful access to the courts, so do mental patients involuntarily committed to State hospitals. Furthermore, all persons committed to mental hospitals are supposed to receive "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," and mentally disordered persons charged with crime or to the criminally insane subject to judicial commitment shall be treated, not as criminals, but as sick persons. (Citations omitted.)

    The undersigned patients also request the Court to certify this matter as a class action lawsuit and appoint counsel, and to exempt this case from the Prison Litigation Reform Act (PLRA) altogether, as the patients were committed to the State Mental Hospital System pursuant to California Penal Code, § 1026 and persons committed pursuant to section 1026 should be exempted from all provisions of the PLRA, because section 1026 "patients" are not supposed to be considered as or treated like prisoners and "[i]t is beyond dispute that the primary purpose of the PLRA, and the exhaustion provisions in particular, was to reduce the inordinately large volume of "prisoner cases" being filed in the federal courts." *(Citation Omitted.)*

    Said another way, the primary purpose of the PLRA was to reduce the inordinately large volume of cases being filed in the federal courts by "prisoners" and NOT by "mental patients," and very few cases have been filed in the federal courts by mental patients or by lawyers representing mental patients during the entire history of the mental "health" system. This is very easy to verify by only typing a few Keywords into any legal database.

| Print Name | Sign Name |
|---|---|
| ELLIOT Horn | Elliott Horn |
| Rocky mirillo | Rocky Murillo |
| Ricky Spahn | Ricky Spahn |
| Jack Rudy | Jack Rudy |
| Greg Foley | Greg Foley |

1   Petition to stop violence at NSH Signatures to

## Request for Relief

NSH received $180,264.00 taxpayer money for each patient confined at NSH in 2007 alone and will receive more public funds money this year. It should be noted that Dennis Carreon is know to violently attack patients if they do not perpetually supply his cigarette addiction to intimate these patients and others to supply his cigarettes and other desires and this is tantamount to strong armed robbery in addition to the violent assaults.

No one, including Dennis Carreon, should be permitted to perpetually terrorize and violently attack patients and staff in a public institution and Dennis Carreon committed felony crimes each and every time he attacked someone, patient and/or staff members, and he should have been placed in a secure environment, prosecuted to the fullest extent of the law, and transferred to the CDCR under section 7301 for the protection of other patients and staff and for his own treatment.

Complaint called in and copies mailed to:

Bill Sargent Advocate & Investigator
Citizens Commission on Human Rights
27899 Whitmore Rd.
Millville, CA 96062

Catherine Blakemore-Executive Director
Protection & Advocacy Inc.
Sacramento Regional Office
100 Howe Ave., Suite 235 North
Sacramento, California 95825

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, California, 94102

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Civil Rights Division
Disability Rights - NYAVE
Washington, D.C. 20530

Napa County District Attorney
931 Parkway Mall
Napa, California 94559

Napa State Hospital Police Department
2100 Napa Vallejo Hwy.
Napa, CA 94558

Forwarded to various other concerned Persons and public and private agencies and organizations

Patients Rights Advocate Signature: _Elliott Houk_    Date: 4/30/08

---
This complaint does not support an action of abuse or neglect, punitive withholding or unreasonable denial of patients' rights. This issue is being referred to Program director:
_____, Program # _____ for resolution and response.
**All responses should be provided directly to the patient.**

---

Signed _Elliott Houk_    4/30/08.

3

Please reply to:
Elliott Horn
2100 Napa Vallejo Hwy.
Napa, CA 94558

TO THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

The Undersigned Ward T-18 Patients Confined at Napa State (mental) Hospital Would Like to Institute a Class Action Civil Rights Lawsuit Under Title 42 US.C. Section 1983 and Alleging Violations of the Americans with Disabilities Act Based Upon the Accompanying Patients Rights' Complaint/Affidavit

    Just as inmates confined in prisons after criminal trials have a constitutional right to meaningful access to the courts, so do mental patients involuntarily committed to State hospitals. Furthermore, all persons committed to mental hospitals are supposed to receive "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," and mentally disordered persons charged with crime or to the criminally insane subject to judicial commitment shall be treated, not as criminals, but as sick persons. (Citations omitted.)

    The undersigned patients also request the Court to certify this matter as a class action lawsuit and appoint counsel, and to exempt this case from the Prison Litigation Reform Act (PLRA) altogether, as the patients were committed to the State Mental Hospital System pursuant to California Penal Code, § 1026 and persons committed pursuant to section 1026 should be exempted from all provisions of the PLRA, because section 1026 "patients" are not supposed to be considered as or treated like prisoners and "[i]t is beyond dispute that the primary purpose of the PLRA, and the exhaustion provisions in particular, was to reduce the inordinately large volume of "prisoner cases" being filed in the federal courts." *(Citation Omitted.)*

    Said another way, the primary purpose of the PLRA was to reduce the inordinately large volume of cases being filed in the federal courts by "prisoners" and NOT by "mental patients," and very few cases have been filed in the federal courts by mental patients or by lawyers representing mental patients during the entire history of the mental "health" system. This is very easy to verify by only typing a few Keywords into any legal database.

| Print Name | Sign Name |
|---|---|
| ELLIOT Horn | Elliott Horn |
| Rocky Mirillo | Rocky Murille |
| Ricky Spahn | Ricky Spahn |
| Jack Rudy | Jack Rudy |
| Greg Foley | Greg Foley |

1   Petition to stop violence at NSH Signatures to

| Print Name | Sign Name |
|---|---|
| RYAN OKERSTRUM | Ryan Okerstrum |
| JAMES SHORT | |
| JASON ANDERSON | Jason A. Anderson |
| JHON CARTER | John 2. Carter |
| Robert THOMPSON | Robert Thompson |
| NEAL bAALKie | Neal Baalke |
| TOMMY bUTTS | Tommy Butts |
| TIMOTHY BACHMAN | T Backman |
| JEFF JHONSTON | Jeff Johnston |
| chrisTapHer weiR | |
| mITchell Shaffer | Mitchell Shaffer |
| WilliAM WilliAMS | Bill Williams |
| Billy mITchell | Billy Mitchell |
| MAtthew Burch | Matthew Burch |

2  Petition to stop violence at NSH Signatures to




certificates for the cafe (Amount not know) and, give him a cigarette for each smoke break which he will have on his own.

3. R.T. Zack Hatton gave Carreon Tobacco telling him that the team/staff had taken a collection for but, the tobacco I saw R.T. Zackery Hatton give him belongs to Tim Backman (client) without his knowledge.

4) On Mon. 4-28 the day which Carreon Attacked →

---

1. Dennis Carreon is dangerous and is causing/created a unsafe environment for Staff and clients on the unit. He has already assaulted Three (3) clients on this unit.

2. After his last two assaults which occured the same day the team made a deal with him on 5-1-08 with Hpc on hand and told him if he stayed in his hall and continued to not cause any problems, they would reward him with Gift →

---

Two (2) clients one very seriously the staff

1. Miguel Hernandez (Acting U.S.)
2. Louis Cortez (Shift lead)

And

3. Joe M ? R.N. Stood watching while James Short (The client which was beaten the worst) and, could have been killed from a kick to his head three. Staff tried to physically intervene because none of these



2

Treatment plan is that they will give Carreon one 2.00 Gift certificate a day plus 2 cigarettes which they are stealing from another client but saying they have take up a collection between team members per Zackery Hattons Words.



2

Treatment Plan For Dennis Carreon ~~Recieving~~

Implictates:

1. Tom Polakavich
Act. Prog. Director Prog. 2
And regular U.S. for T-18
2. Dr. Elizibeth Goodwin

3. Rachel Lev   Social Worker

4. Zackery Hatton R.T.

5. Miguel Hernandez
Acting U.S.
Normally AM. S.L.



1. Dennis Carreon is dangerous and is causing/created a unsafe environment for staff and clients on the unit. He has already assaulted 2 Three (3) clients on this unit.

2. After his last two assaults which occured the same day the team made a deal with him on 5-1-08 with Hpo on hand and told him if he stayed in his hall and continued to not cause any problems, they would reward him for with Gift

**USA**
**BEIJING 08**

Also, Acting P.D. for program 2 is the Regular ~~Shift head~~ M.S. For T-18 Tom he was also involved with making the deal with said client

