United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLIOT HORN,                       No. C 08-2419 SI (pr)

    Plaintiff,                      **ORDER OF DISMISSAL**

  v.

ED FOULK; et al.,

    Defendants.
                                   /

     This pro se civil action was filed on May 12, 2008, at which time the court notified plaintiff in writing that the action was deficient due to the failure to pay the filing fee or furnish a completed and signed court-approved in forma pauperis application. Plaintiff was advised that failure to pay the fee or file the application materials within thirty days would result in dismissal of the action. Plaintiff did not pay the filing fee or file a complete in forma pauperis application. Specifically, he did not include the inmate trust account statement or a signed certificate of funds. He wrote a note on the application form he filed stating that the trust office refused to reply to his request, but at that point, he had given the trust office no more than ten days to do so. A plaintiff cannot simply declare the effort futile and avoid the duty. The Napa State Hospital trust office does provide certificates and trust account statements; the court has received them in other cases filed by persons in custody there. Therefore, the court will not excuse plaintiff's failure to file a completed in forma pauperis application. The action is DISMISSED without prejudice for failure to pay the filing fee or submit a completed in forma pauperis application. Plaintiff may file a new action, but should include a filing fee or an in forma

pauperis application with a new complaint to commence that new action. The in forma pauperis application is DENIED. (Docket #2, # 5.)

Plaintiff filed a motion to exempt this case from the Prison Litigation Reform Act, urging the court to overlook the pauper application requirement and grant interim relief because he will suffer irreparable injury if relief is not granted immediately. The complaint does not show that plaintiff is in imminent danger, as it complains about events that have been going on for two years. There also is insufficient information in the record to determine the reason for plaintiff's custody at Napa so the court can determine whether he is exempt from the PLRA as a non-prisoner. However, regardless whether a plaintiff is a prisoner or a non-prisoner, the court needs accurate information about his financial wherewithal to decide whether the pauper status he requests is appropriate. Horn's application does not provide enough information for the court to make an informed decision as it suggests he has a trust account at the hospital. Although a trust account is not mentioned on the non-prisoner in forma pauperis application form, it is an appropriate requirement for someone who is in custody and is having some or all of his basic needs met. For example, if someone in custody has $500 in a trust account and someone out of custody has $500 in a checking account, their overall financial situations likely are not comparable because the person in custody has no housing expenses while the person not in custody may have rent and utility expenses. The motion to exempt the case from the PLRA is DENIED. (Docket # 3.)

Finally, plaintiff asks in his complaint that this be certified as a class action. The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a). Pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class, however, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself");

2

Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).  The court will not certify this as a class action because the pro se plaintiff would not be able to adequately represent a class of persons on a mental hospital ward.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 29, 2008

_____
SUSAN ILLSTON
United States District Judge